Our final case of the day is United States v. Harden. Mr. Henderson. Good morning, Your Honor, and may it please the Court. I'm Peter Henderson. I'm here on behalf of Stacy Harden. This is another case about statutory interpretation, and I think the Court needs to give effect to the words in the statute, and especially the definitions that the Supreme Court has given to those words. The operative words in this statute are use and violence. Use is an active verb. It means to, in the case of a firearm, to use a firearm is to actively employ a firearm. Now, why isn't the action in the lot alone enough to constitute an act of violence, even if we define that as an actively, you know, employing physical harm? By making a quick U-turn immediately after pulling into the lot with the knowledge that the police vehicle was pursuing at, you know, a high rate of speed directly behind him, didn't Harden engage in an action likely to cause a collision, and would that not constitute an act of violence? That does not constitute the use of violence under this statute, and you use the same words that the government and the district court have used, which is the actions create a risk of violence, and that's what the courts and the government and defense lawyers for years have been thinking about violence, because this usually comes up in the crime of violence or violent felony context, and those statutes do say something is violent if it contains the risk of violence, if there's a potential risk of injury, if there's a potential risk of violence. That's not what this statute says, though. This statute says that a defendant must actively use violence. Well, if he had used the car to slam into the police vehicle, would you then agree that the conduct was an act of violence? Yes, I would, because that would be actively employing, in this case the car, with a degree of force that is capable of causing physical pain or injury to another. And what if he slammed on the brakes while being pursued at a high rate, causing the police car to collide with it? That would not qualify. That is not using violence. That is creating a risk of violence. So would it be using violence if he pulls out a handgun, shoots at an officer, and misses? That would be a credible threat of violence, certainly. Well, then why isn't driving at high speed and doing whatever you think you need to do in order to get away equally a credible threat of violence? Well, because you have to use a threat of violence. And what we outlined in our reply brief is using a threat of violence means doing something that is telling somebody, I am going to try to hurt you or I'm going to try to use violence against you. It's not creating a risk of violence. So in your example, Judge Easterbrook, by pointing a firearm at somebody and shooting them, you are making a threat to them that, you know, I'm going to try to kill you or I'm going to try to injure you. That is using a threat of violence in connection with the offense. But creating a risk of violence is not the use of violence. And that's the difference between those two definitions of the word threat. To threaten somebody is different than to cause a threat of something. And that's what, for example, the Watson case out of the Supreme Court emphasized, was that using something in a barter transaction is different than causing something to be used in a barter transaction. And so if you cause a scenario in which there is a risk of violence or a risk that there will be a confrontation, that's not the same thing as actually using violence or using a threat of violence. So that's what this statute requires. And it makes sense in the grander statutory scheme and the scheme under the guidelines. This is reckless endangerment during flight. It is something that aggravates the crime. It does make it more serious, both under the guidelines and, I think, under the 3553A factors. But it does not constitute the actual active use of violence. And I think that makes sense because what Congress is worried about is violent drug offenders. And violent drug offenders pose a greater risk than nonviolent drug offenders because they may, in the course of their drug dealing, inflict violence on others. Actually inflict, actually use violence. It is not for these types of cases where we have reckless behavior, where we have negligent behavior, where the defendant is not actually using violence against somebody or using a threat of violence to intimidate somebody or coerce somebody into doing something. So we would ask the court to adhere to the statutory language, which is limited. It's not about risks of violence. It is about actually using violence. And Mr. Harden didn't use violence in this case. So unless there are questions, I'll save the remainder of my time for rebuttal. Thank you. Certainly, counsel. Mr. Anderson. Mr. Clark, Your Honor. Thank you, Your Honor. The judge here determined that the actions of the escape did constitute a matter of violence, constituted acts of violence, and I think it's important to look at the totality of what happened here. This is not simple, reckless driving. This is involving a chase by the police because the defendant took off while he was at the point of being arrested. You know, the district court discussed both the high rate of speed of the flight and the U-turn. But did the district court rely on the U-turn in finding an act of violence or make findings as to whether the U-turn was likely to cause a collision because the police vehicle was directly behind? It's my recollection in reading through the transcripts, and I have to acknowledge that I wasn't there, but my recollection is that he did make that finding. But in any event, that is what happened. He was involved in this collision as a result of this high speed chase and ultimately the U-turn that occurred. So I believe the district court was correct in determining that all of these actions went into the mix here of why this should be considered acts of violence, and therefore I'd ask that the decision of the district court be affirmed. Thank you. Thank you, Mr. Clark. Anything further, Mr. Henderson? I don't think there's anything to respond to, so I'll arrest. Thank you. There wasn't all that much. Thank you very much. The case is taken under advisement, and the court will be in recess.